UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,                :
                                         :
                     Government,         :     13 cr 566 (KTD)
                                         :
          -against-                      :     **OPINION AND ORDER**
                                         :
ANDY SERRANO,                            :
                                         :
                     Defendant.          :
----------------------------------------X

**KEVIN THOMAS DUFFY, U.S.D.J.:**

On October 22, 2013, Andy Serrano pleaded guilty to one count of knowingly possessing a firearm, after having previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Defendant Andy Serrano, moves this Court to withdraw this guilty plea. The Government opposes Serrano's motion.  For the reasons outlined below, Serrano's motion is GRANTED.

On October 22, 2013, Mr. Serrano appeared before this Court to enter a plea of guilty to Count One, the sole count, of the indictment.  During the plea allocution, Mr. Serrano answered a series of questions, under oath, pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  (See Plea Hearing Transcript ("Plea Tr."), Dkt. #9).  By motion dated March 21, 2014, Mr. Serrano moved to set aside his plea of guilty on the grounds that prior to entering his guilty plea, his attorney had

not considered alternative defense strategies or the possibility of filing a motion to suppress the gun and Serrano's post-arrest statements.  (Def. Aff. ¶ 7).  Furthermore, Serrano alleged that Mr. Watters erroneously informed Serrano that his criminal history made him eligible for sentencing enhancements under the Armed Career Criminal Act ("ACCA").  The Government opposed this motion arguing that Serrano had not demonstrated a fair and just reason for withdrawing his guilty plea.

A defendant's motion to withdraw a guilty plea prior to sentencing is governed by Rule 11 of the Federal Rules of Criminal Procedure.  Rule 11(d)(2) provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2).  In determining whether a defendant has demonstrated a "fair and just reason" for withdrawal, the district court "should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." United States v. Doe, 537 F.3d 204, 210-11 (2d Cir. 2008) (citing United States v. Couto, 311 F.3d 179, 185 (2d Cir.2002)).

In viewing all the relevant factors, it is the opinion of this Court that Mr. Serrano has demonstrated a fair and just reason for requesting withdrawal of his guilty plea.  First, the timeliness of Serrano's motion to withdraw his guilty plea weighs in his favor.  Mr. Serrano entered his guilty plea on October 22, 2013, and "almost immediately afterwards", Serrano informed Mr. Watters that he wished to withdraw his plea of guilty. (Watters Aff. ¶ 5).

Next, Serrano asserts a claim of legal innocence.  (Def. Aff. at ¶ 13-14; Hearing Transcript ("Hearing Tr.") at 13).  The Government correctly emphasizes that this assertion is undermined by Serrano's post-arrest statement because following his arrest, Mr. Serrano made a detailed, written confession that the gun belonged to him and he also testified under oath before this Court that he was guilty of the crime charged in the indictment.  See United States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997).  However, at the hearing on this motion, Mr. Serrano testified that everything contained in his written confession was untrue:

> MR. SCHOENBACH:   You say that you are innocent of the charges, is that right?
>
> MR. SERRANO:   Yes, sir.
>
> MR. SCHOENBACH: You know that you made a post-arrest statement in which you, in essence acknowledged possession of the gun?

MR. SERRANO:   Yes, sir.

MR. SCHOENBACH:      Is that a true statement?

MR. SERRANO:   Not at all sir.

MR. SCHOENBACH:      Why not? What was not true about it?

MR. SERRANO:   Everything about the statement was not true.

MR. SCHOENBACH:      Why did you make the statement if it wasn't true?

MR. SERRANO:   I was in fear of then my girlfriend, who was five and a half months pregnant with my child, also being arrested, and was in fear that something would go wrong with my baby.   That was my first and only child, and I didn't want to have to see her go through this in jail and be sitting here for whatever was taking place.   She was five and a half months' pregnant.   I felt the only thing I can do by trying to help her was by the statement and try to take the weight for her.

(Hearing Tr. at 13).

Given this plausible explanation for why he admitted guilt and the fact that that weapon here was found inside of a woman's purse, Serrano's claim of legal innocence is compelling and weighs in favor of granting this motion.

Finally, the Government will suffer little, if any, prejudice if Mr. Serrano's guilty plea is withdrawn.   To date, there has been no plea agreement, nor presumably any trial preparation.   As such, the final factor enunciated in Doe also weighs in favor of granting Serrano's motion to withdraw.

4

Mr. Serrano also alleged a claim of ineffective assistance of counsel against his attorney, Mr. Watters.  A separate basis for withdrawal of a guilty plea exists for defendants who assert ineffective assistance of counsel.  It is well-settled that a claim of ineffective assistance of counsel "can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty." United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005).  However, since I have already indicated above that I intend to grant the motion, there is no need to make a determination as to these grounds.

For these reasons, Mr. Serrano's motion to withdraw his guilty plea is GRANTED.  The Clerk of the Court is directed to terminate Docket Entry 18.

**SO ORDERED:**

Dated:    New York, New York
          November 17, 2014

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-17-14

KEVIN THOMAS DUFFY, U.S.D.J.

5